# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN AND LAURA BOOTH, individuals,    )<br>)<br>Plaintiff,    )<br>)<br>vs.    )<br>)<br>MEE, MEE & HOGE, P.L.LC.    )<br>a domestic corporation,    )<br>)<br>Defendant.    )<br>) | Case No. _____ |

## COMPLAINT

Plaintiffs Steven and Laura Booth, for their claims against Defendant Mee, Mee & Hoge, P.L.L.C. (Mee) allege and state as follows:

## PARTIES

1. Steven and Laura Booth are individuals domiciled in Bryan County, State of Oklahoma.

2. Mee is an Oklahoma Corporation with its principal place of business in Oklahoma City, Oklahoma. Mee is engaged in the business of debt collection. Mee's utlizes the mails and telephone in attempts to collect debts alleged to be due another.

3. Mee is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337,

1

and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper in that Defendant transacts business in the Western District of Oklahoma and the conduct at issue in this action occurred in Oklahoma County, State of Oklahoma.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

5. Plaintiffs Steven and Laura Booth incurred a financial obligation that was primarily for personal, family or household purposes and satisfies the definitional criteria of "debt" as contemplated by the Fair Debt Collections Practices Act, 15 U.S.C. §1692a(5).

6. The alleged debt was used solely for personal use. The equipment purchased associated with the debt was solely used on personal property for personal aesthetics to Plaintiff's homestead.

7. Advantage leasing company and/or an assignee thereof repossessed said equipment with out notification required by 12A O.S.§1-9-611.

8. Plaintiff was never served with notice of sale of the equipment

9. The resale of the equipment was commercially unreasonable pursuant to12A O.S.§1-9-627 *et al.*.

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

11. Defendant contacted Plaintiff numerous times to collect the alleged debt from Plaintiff, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. Defendant filed suit against Plaintiffs in Oklahoma District Court, a violation of 15

U.S.C. §1692i, as Plaintiffs reside in Bryan County and no events took place in Oklahoma County.

## First Cause of Action
### ( Violations of Fair Debt Collections Practices Act)

13. Plaintiffs repeat and reallege and incorporate by reference paragraphs one through 12 above.

14. Defendant violated 15 U.S.C. § 1692i) by filing a suit against Plaintiffs in a county in which Plaintiffs did not reside nor where the contract was signed.

15. Defendant violated 15 U.S.C. § 1692f by engaging in unfair practices; namely suing Plaintiffs for an amount not allowed by law.

16. Defendant violated 15 U.S.C. § 1692e by misrepresenting the amount of the debt when filing suit against Plaintiffs in Oklahoma district court.

17. Defendant violated 15 U.S.C. § 1692e by misrepresenting the legal status of the debt.

18. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for declaratory judgment that Defendant's actions violated the FDCPA, and for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees, and such further relief as the Court deems just and equitable.

## Second Cause of Action
### (Failure to Send Proper Notification)

19. Plaintiffs repeat and reallege and incorporate by reference the foregoing Paragraphs one through eighteen.

20. Defendant wholly failed to comply with notification requirements required by to12A O.S.§1-9-611 *et al.*.

21. As a result of Defendant's actions, Plaintiffs have been injured financially.

22. As a result of the Defendant's conduct in the collection of a debt, the Defendant is liable to the Plaintiffs for actual damages, exemplary damages, costs and a reasonable attorney's fee, and such further relief as provided by statute and as the Court deems just and equitable.

## Third Cause of Action
## (Commercially Unreasonable Sale)

23. Plaintiffs repeat and reallege and incorporate by reference the foregoing paragraphs one through twenty-two.

24. Defendant is seeking to enforce a debt in violation of to12A O.S.§1-9-627 *et al.*. as the sale of the equipment was commercially unreasonable

25. As a result of the Defendant's conduct in the collection of a debt, the Defendant is liable to the Plaintiffs for actual damages, exemplary damages, costs and a reasonable attorney's fee, and such further relief as provided by statute and as the Court deems just and equitable.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant.

Respectfully submitted,

/s/ A.D. Sanderson
A.D. Sanderson, OBA #21705
Andrew K. Long, OBA #21270
Law Center of Oklahoma

               2914 Epperly Drive
               Del City, Oklahoma 73115
               (405) 672-9660 Telephone
               (405) 672-9710 Facsimile
               Sanderson@lawcenterofok.com
               long@lawcenterofok.com

               Attorneys for Plaintiff