# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN AND LAURA BOOTH, individuals, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIV-07-1360-D |
| ) | |
| MEE, MEE & HOGE, P. L. L. C., ) | |
| a domestic corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Motion for Summary Judgment [Doc. No. 17 ] of Defendant Mee, Mee & Hoge, P. L. L. C. The motion supplements Defendant's Motion to Dismiss [Doc. No. 10] in which it sought dismissal pursuant to Fed. R. Civ. P. 12(b)(1), arguing the Court lacks subject matter jurisdiction. Upon review of that motion and Plaintiffs' response, the Court determined that, in accordance with *Pringle v. United States*, 208 F. 3d 1220 (10th Cir. 2000), the motion to dismiss should be converted to a motion for summary judgment because adjudication of the jurisdictional question requires resolution of an aspect of the substantive claim asserted by Plaintiffs. The Court issued an Order [Doc. No. 16] advising the parties of that decision, and authorizing the filing of supplemental briefs treating the motion as one for summary judgment. The parties timely filed supplemental materials.[1]

---

[1] The Court subsequently filed an Order [Doc. No. 25] in which it noted that, in several other cases pending in the Western District of Oklahoma, Plaintiffs' counsel reported her ongoing health problems prevented her from participating as counsel, and the assigned judges in those cases ordered her to withdraw as counsel. In the Order, the Court directed Plaintiffs' counsel to show cause why she has not withdrawn as counsel in this case. Although Plaintiffs' counsel failed to respond to the Order, the Court has elected to rule on the merits of the pending motion because it was fully briefed before the Order was filed. In addition, however, Plaintiff's counsel remains obligated to ensure the Plaintiffs are notified of this Order and all other filings in this case. Accordingly, Plaintiff's counsel is directed to provide a copy of this Order to the Plaintiffs. Because the current status of Plaintiff's counsel is unclear, however, the Court also directs Defendant's counsel to serve a copy of this Order on Plaintiffs via regular mail at the last know address

Plaintiffs brought this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U. S. C. § 1692k(d); they allege the Court has subject matter jurisdiction pursuant to 28 U. S. C. § 1337, which confers jurisdiction in the federal courts over matters "arising under any Act of Congress regulating commerce or protecting trade and commerce." Plaintiffs contend their claims are based on the FDCPA, a Congressional enactment designed to protect consumers from unfair debt collection practices; thus, they argue federal jurisdiction is conferred pursuant to § 1337.[2] Plaintiffs also assert pendent state law claims, and they contend the Court may exercise supplemental jurisdiction over those claims in accordance with 18 U. S. C. § 1367.

In their Complaint, Plaintiffs allege that they failed to pay a consumer debt, that Defendant was employed to collect that debt, and that its collection activities violated the FDCPA. In its motion, Defendant argues Plaintiffs cannot assert an FDCPA claim because the debt owed is not a consumer debt. The FDCPA extends only to consumer debts, and Defendant argues Plaintiffs cannot, as a matter of law, assert a claim based on its provisions. Defendant thus contends it is entitled to judgment on the FDCPA claim.

I. Summary judgment standards:

Summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

---

available to counsel for Defendant.

[2]Plaintiffs do not contend that jurisdiction may be based on diversity of citizenship; they allege in the Complaint that they are citizens of Oklahoma and that Defendant is an Oklahoma entity.

If the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex*, 477 U.S. at 322. In this regard, the moving party is not required to disprove a claim; rather, the movant need only point to "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 671 (10th Cir. 1998). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id. (citations omitted).* The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Adler*, 144 F. 3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), *cert. denied,* 506 U.S. 1013 (1992).

To dispute a material fact, a plaintiff must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for him. *Id.* The facts and reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005). However, conclusory arguments in the nonmovant's brief are not sufficient to avoid summary judgment. *Adler*, 144 F. 3d at 671-72. Furthermore, the Court must examine the nonmovants' affidavits opposing summary judgment to determine whether they satisfy the requirements of Fed. R. Civ. P. 56(e). Affidavits which are merely self-serving or conclusory are insufficient; instead, such affidavits must set forth "specific facts showing there is a genuine issue for trial." *Trevizio v. Adams*, 455 F. 3d 1155, 1159 (10th Cir. 2006) (citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 902 (1990)). Conclusory allegations unsupported by specific evidence "will be insufficient to establish a genuine issue of fact." *Lujan*, 497 U.S. at 902.

II.  Application:

In this case, it is not disputed that Plaintiffs incurred a financial obligation resulting from their execution of an "Application for Equipment Financing" with Advantage Leasing Corporation ("Advantage").  A copy of the application is submitted as an exhibit to the affidavit of Jeni Smukowski, Assistant Litigation Coordinator for Advantage ("Smukowski affidavit"), Defendant's Exhibit 1. In the application, Plaintiffs state that they are co-owners of a yet unnamed new business, utilizing what is described as "New Kwik Kerb System;" they describe the type of business as "custom curbing." Application, Defendant's Exhibit 1.  In connection with obtaining the financing, Plaintiffs also executed a "Master Lease Agreement," a copy of which is also submitted as an exhibit to the Smukowski affidavit.  The Master Lease Agreement contains ten provisions to which the Plaintiffs expressly agreed.  Among the provisions is a paragraph labeled No. 10, which expressly states in pertinent part: "You agree that the Equipment will only be used for business purposes and not for personal family or household use."  Master Lease Agreement,  ¶ 10.

Defendant argues that the documents evidencing the transaction at issue establish that Plaintiffs cannot prevail on an FDCPA claim because the transaction resulting in the debt at issue was not for personal, family or household purposes but was, instead, a business transaction. Plaintiffs concede they executed the documents; they do not challenge the authenticity of the application or Master Lease Agreement.  Nor do they dispute that the documents they executed represented to Advantage that Plaintiffs would use the equipment for a business.   Plaintiffs argue only that, despite those representations,  the equipment was never actually used in a business. They

4

argue that, as a result, the subject of the transaction should be treated as personal, and the FDCPA should apply.

The FDCPA was enacted to eliminate abusive practices by debt collectors, to insure that collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent state action to protect consumers from debt collection abuses. *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir.2002). The FDCPA expressly states that its purpose is to eliminate "abusive debt collection practices" and to "protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

Because it is designed to protect consumers, the FDCPA applies only to consumer debts and obligations; it does not apply to transactions having a business or commercial purpose. *Beaton v. Reynolds, Ridings, Vogt and Morgan, P.L.L.C.*, 986 F.Supp. 1360, 1361 (W.D.Okla. 1998). The FDCPA defines a debt as follows:

> The term debt means any obligation...of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U. S. C. § 1692a(5). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." *Id.* at § 1692a(3). To be covered by the FDCPA, a transaction must be "entered into primarily for personal, family, or household purposes." *Beaton*, 986 F. Supp at 1362.

Plaintiffs' response to the Motion reiterates their allegations in the Complaint that they "incurred a financial obligation that was primarily for personal, family or household purposes." Complaint, ¶ 5. They further allege that the debt was "solely" personal, and that the equipment purchased "was solely used on personal property for personal aesthetics to Plaintiff's homestead." *Id.* at ¶ 6. Plaintiffs allege that they failed to make the required payments on the equipment

purchased from Advantage; the equipment was then repossessed, and Advantage hired Defendant to collect the balance owed. Complaint at ¶¶ 5-10.

In opposing summary judgment, however, Plaintiffs cannot rely on the bare allegations in the Complaint, their personal beliefs, or their conclusory assertions; they must come forward with evidence outside the pleadings sufficient to create a factual dispute with regard to the issue on which judgment is sought. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324. The requirements for affidavits opposing summary judgment in Rule 56(e) are not intended to allow a party to "replace conclusory allegations of the Complaint or Answer with conclusory allegations of an affidavit." *Lujan v. Natl. Wildlife Federation,* 497 U.S. 871, 888 (1990).

Although Plaintiffs submit an affidavit executed by Plaintiff Steven Booth, Defendant points out the affidavit was filed in the state court litigation involving collection of the debt at issue.[3] *See* Affidavit, Plaintiffs' Exhibit A. Furthermore, the affidavit provides no additional facts, but merely repeats the allegation that the equipment leased from Advantage was used solely on the "homestead," and not in a commercial capacity. *Id.* As Defendant argues in its reply brief, the affidavit is insufficient to create a dispute of material fact precluding summary judgment. *See, e.g., Kephart v. Data Systems International, Inc.,* 243 F. Supp. 2d 1205, 1209 (D. Kan. 2003).

Plaintiffs contend, however, that the FDCPA's application should not be determined only by examining the transaction documents creating the debt at issue, but should go beyond the transaction. They offer no factual evidence to explain the inconsistency in their representation to Advantage that the transaction was for a business purpose and the allegations in the Complaint that it was purely personal. Instead, they contend that, notwithstanding their representations to

---

[3]That litigation resulted in a judgment for Advantage, and the judgment was affirmed on appeal. *See* Defendant's Exhibit 1 to its Reply.

Advantage at the time they incurred the debt, the equipment was ultimately used only at their residence.

Courts construing the FDCPA have generally held, however, that the relevant time for determining the nature of the debt is the time at which the debt was created rather than when collection is attempted. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F. 3d 872, 874 (7th Cir. 2000); *Fleet National Bank v. Baker*, 263 F. Supp. 2d 150, 153-154 (D. Mass. 2003); *Kattula v. Jade,* 2008 WL 495298, at *7 (E. D. Mich. Feb. 20, 2008) (unpublished opinion).
Thus, even if Plaintiffs in this case later used the equipment for other than business purposes, that fact does not preclude the determination that the FDCPA does not apply. At the relevant time in this case, the undisputed evidence establishes the debt was created for a business purpose.

In support of their argument, Plaintiffs rely on *Slenk v. Transworld Systems, Inc.*, 236 F. 3d 1072 (9th Cir. 2001), a decision in which the plaintiff incurred a debt resulting from the purchase of a backhoe; at the time the debt was incurred, the plaintiff stated his intent to use the backhoe in his business. However, after collection efforts began on the unpaid debt, he offered evidence that the backhoe was used only for work at his home and not in his business. 236 F. 3d at 1075.

As Defendant correctly notes, the Ninth Circuit did not hold that the FDCPA governed the transaction, but found the debtor had presented a disputed question of material fact precluding resolution of the issue in a summary judgment motion. *Slenk*, 236 F. 3d at 1076. The Ninth Circuit also rejected the argument that debts procured by a sole proprietor necessarily constitute consumer debts for FDCPA purposes; the Circuit instead found that the debtor had the burden of proving that

7

a transaction was entered into for personal, family, or household purposes. *Id.* (citing and adopting the Court's reasoning in *Beaton*, 986 F. Supp. at 1362).

In this case, the Court agrees that Plaintiffs have failed to dispute the evidence in the record establishing that the transaction resulting in the debt in question was for a commercial, rather than a personal, purpose. The documents in the record all reflect that Plaintiffs leased the equipment to use in a new business; they expressly represented that they would use not use the equipment for personal or household purposes. In fact, the undisputed evidence in the record is that Advantage leased equipment only to businesses; it would not have entered into the transaction had Plaintiffs not made that representation.

According to the undisputed evidence in the record before the Court, the debt at issue is not a consumer debt covered by the FDCPA. Defendants are entitled to judgment on Plaintiffs' FDCPA claim. Defendant's summary judgment motion [Doc. No. 17] is GRANTED as to that claim. Because the Court has converted Defendant's Motion to Dismiss [Doc. No. 10], it is rendered moot.

The FDCPA claim is the only basis for this Court's jurisdiction. Although the Court's supplemental jurisdiction may extend to Plaintiffs' state law claims pursuant to 28 U. S. C. § 1367(a), the Court declines to exercise such jurisdiction in accordance with 28 U. S. C. § 1367(c)(3). Plaintiffs' state law claims are dismissed without prejudice to the filing of an action pursuing the same in a proper forum.

III. Conclusion:

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. No. 17] on Plaintiffs' FDCPA claim is GRANTED. The Motion to Dismiss [Doc. No. 10] is moot. Pursuant

to 28 U. S. C. § 1367(c)(3), the Court declines to exercise jurisdiction over Plaintiffs' state law claims, and those claims are dismissed without prejudice.

    IT IS SO ORDERED this 15th day of March, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE